**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. ) |
| v. | ) COMPLAINT ) |
| UNIVERSITY OF KANSAS, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |

<u>NATURE OF THE ACTION</u>

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (ADEA), as amended, to correct unlawful employment practices by the University of Kansas and to provide appropriate relief to Jeffrey Thomas.  As alleged with more particularity below, the Commission alleges Defendant intentionally violated Section 623(d) of the ADEA, 29 U.S.C. § 623(d), by terminating Thomas in retaliation for his opposition to unlawful age discrimination in hiring practices in the University of Kansas Medical Center's Information Resources Department.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to 29 U.S.C. § 626(b) and (c)(1) and 29 U.S.C. §§ 216 and 217.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims in this action occurred in this judicial district.

PARTIES

4.      Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is authorized to bring this action pursuant to 29 U.S.C. 626(b) and (c)(1).

5.      Defendant University of Kansas ("KU") is a Kansas state educational institution as defined under K.S.A. §76-711. Kansas University Medical Center ("KUMC") is a part of the University of Kansas which has a campus located in Kansas City, Kansas.

6.      During the relevant period, the University of Kansas has employed more than twenty people and is therefore an "employer" under 29 U.S.C. § 630(b).

ADMINISTRATIVE PROCEDURES

7.      On November 10, 2014, more than 60 days prior to the institution of this lawsuit, Jeffrey Thomas filed a charge with the Commission alleging that KUMC violated the ADEA.

8.      On November 17, 2014, the Commission mailed KUMC a timely notice of Thomas's charge as required by 29 U.S.C. § 626(d).

9.      On July 12, 2019, following the Commission's investigation of Thomas's charge, the Commission issued a Letter of Determination finding reasonable cause to believe that KUMC violated the ADEA and inviting KUMC to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.      On August 15, 2019, the Commission and Defendant participated in a

conciliation meeting to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On August 16, 2019, the EEOC issued a Notice of Failure of Conciliation to KUMC advising that the Commission was unable to secure an acceptable conciliation agreement.

13.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF FACTS</u>

16.     In July 2004, KUMC hired Jeffrey Thomas as the Assistant Associate Director of Customer Service in the Information Resources ("IR") Department.  In 2013, Thomas was promoted to Associate Director of Customer Service and supervised the IT Help Desk.

17.     In 2014, Michael Harmelink was the Associate Vice Chancellor for Information Resources and Chief Information Officer at KUMC.  Harmelink was the head of the IR Department.

18.     Thomas was an "employee" of KUMC within the meaning of the ADEA, 29 U.S.C. § 630(f).

19.     During 2014, Harmelink made statements to IR managers and directors indicating that they should hire millennials and other younger individuals to fill vacant positions.

20.     In September 2014, an IR hiring manager, Karen Martinez, told Thomas that

she was not allowed to hire Donna Longhofer, the applicant she wanted for a junior application developer position, due to Ms. Longhofer's age (60).

21.     On September 15, 2014, Thomas reported age discrimination in hiring in the IR Department to Steffani Webb, Vice Chancellor of Administration.  Thomas told Webb that he believed the IR Department was engaging in a pattern and practice of age discrimination in hiring.  During this meeting, Webb stated she would speak with Harmelink about the matter.

22.     On September 19, 2014, Thomas emailed Webb regarding his report of age discrimination in hiring.

23.     On September 19, 2014, Webb met with Harmelink and told him about concerns regarding age discrimination in hiring in the IR Department.  Upon information and belief, Webb told Harmelink that his message about hiring millennials was being misunderstood and Thomas had expressed concern about age discrimination in hiring in the department.

24.     After this September 19, 2014 meeting, Harmelink held a meeting with the IR managers and stated there had been a misunderstanding about his instructions concerning hiring younger individuals.

25.     On October 7, 2014, Thomas sent a follow-up email to Webb about his report of age discrimination in hiring.  Webb told Thomas to report it to Human Resources.

26.     On October 13, 2014, Thomas reported his concerns about age discrimination in hiring in the IR Department to KUMC's EEO Officer, Natalie Holick.

27.     Thomas's EEO complaint was referred to KU's Office of Institutional

4

Opportunity and Access ("IOA") for investigation because Holick reported to Harmelink.

28.    On October 16, 2014, IOA began its investigation of Thomas's report of age discrimination in hiring in the IR Department.

29.    On October 22, 2014, Harmelink sent an email to the IR managers announcing a reorganization of the IR Department.  The email states Thomas would begin reporting to Eric Walters, the Director of Information Security, but Thomas's role in the department would not change.

30.    However, on October 28, 2014, Harmelink told Thomas that his position was being eliminated, he was terminated, and the decision was unrelated to his job performance.

31.    Harmelink terminated Thomas without obtaining the required approval from Webb.

32.    Throughout his employment with KUMC, Thomas performed his job duties well.

33.    After its investigation, IOA concluded that the IR Department discriminated against Longhofer by failing to select her for the junior developer position due to her age.

STATEMENT OF CLAIM

(ADEA – Retaliatory Discharge)

34.    Plaintiff repeats, re-alleges and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

35.    Thomas engaged in protected opposition to discrimination under Section 623(d) of the ADEA when he complained to Webb and Holick about age discrimination in

hiring in the IR Department.

36.    KUMC's termination of Thomas was a materially adverse employment action.

37.    Harmelink terminated Thomas's employment because he complained about age discrimination in hiring in the IR Department.

38.    Harmelink's retaliatory discharge of Thomas was intentional and intended to negatively impact Thomas.

39.    KUMC's unlawful retaliatory actions toward Thomas were intentional, willful, malicious and/or done with reckless disregard for Thomas's federally-protected rights.

40.    As a direct and proximate result of KUMC's violation of 29 U.S.C. § 623(d), Thomas suffered actual damages including but not limited to back pay, losses in compensation and benefits.

41.    The effect of the practices complained of above has been to deprive Thomas of equal employment opportunities and otherwise adversely affect his employment status because he opposed unlawful age discrimination.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Commission respectfully requests that this Court:

A.    Issue a permanent injunction enjoining Defendant, its employees, agents, officers, directors, successors, assigns, and all persons in active concert or participation with them, from discriminating or retaliating against any of its employees or applicants for employment because they have opposed any practice made an unlawful employment practice by the ADEA, or because they have made a charge, testified, assisted or participated in any

manner in an investigation, proceeding or hearing under the ADEA, in violation of 29 U.S.C. § 623(d);

B.      Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for workers and eradicate the effects of its past and present unlawful practices;

C.      Order Defendant to make whole Thomas by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

D.      Order Defendant to pay Thomas liquidated damages in an amount equal to the amount of backpay awarded;

E.      Grant such other and further relief as this Court deems necessary and proper in the public interest; and

F.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

## PLACE OF TRIAL

The Commission requests Kansas City, Kansas, as the place of trial.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

/s/ Jennifer L. Arendes
JENNIFER L. ARENDES
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Rm. 8.100
St. Louis, MO 63103
Telephone: (314) 539-7916
Facsimile: (314) 539-7895
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

8